June 7th, 1905.

————O————

## No. 3684:

(Court of Appeal, Parish of Orleans.)

## JOSEPH REUTHER vs. KANSAS CITY MILLING CO.

Appeal from Civil District Court, Division "D."

Chas Rosen, for Plaintiff and Appellant.

E. T. Florance, for Defendant and Appellee.

1. Under Art. 1912, R. C. C., and the trend of jurisprudence under it, a party suing for damages resulting from the passive violation of a contract must, as a condition precedent to recovery, allege and prove a putting in default.

2. The want of default need not be pleaded in defense, is not waived by an answer setting up other matters, and can be taken advantage of at any time by the defendant.

3. The tendency of our jurisprudence inclines to the allowance rather than to the refusal of amendments to pleadings, and they have usually

389

been allowed where they will promote justice and where they do not change the nature of the demand or the substance of the issue.

4. Where a non-resident is brought into Court through his property, the attachment is the foundation of the suit and is substituted service standing in lieu of citation in ordinary suits.

5. There is judicial authority in this State for the proposition that a petition in an attachment suit may be amended so as to maintain an attachment.

DUFOUR, J. The plaintiff sues for damages for defendant's alleged breach of contract in failing to deliver to him in this city a certain number of barrels of flour.

The defendant presents by exception two points for consideration:

1st. That no cause of action is disclosed, because of plaintiff's failure to allege that defendant had been put in default, and also because of his further failure to allege that plaintiff offered to comply with his part of the agreement.

2nd. That, in a matter of attachment, the cause of the matter must be set forth completely in the original petition, and that new and material allegations cannot be made without affidavit and bond, as required in matters of attachment.

I.

Under Art. 1912, R. C. C., and the trend of jurisprudence under it, a party suing for damages resulting from the passive violation of a contract must, as a condition precedent to recovery, allege and prove a putting in default. The want of default need not be pleaded in defence, is not waived by an answer setting up other matters, and can be taken advantage of at any time by the defendant.

The tendency of our jurisprudence inclines to the allowance rather than to the refusal of amendments to pleadings, and they have usually been allowed where they will promote justice, and

they do not change the substance of the demand or the nature of the issue.

Counsel for defendant states, "that the present jurisprudence of the Supreme Court is to the effect that where an exception of no cause of action has been maintained, the petition cannot be amended."

In support of his statement he cites Abadie vs. Berges, 41 An. 281, to the effect that "the court is powerless to authorize an amendment which would insert a cause of action when none was previously averred," and counsel then adds that "this Court will be guided by the last expression of the Supreme Court."

So shall we be, for we have found a later case than the one cited.

In Block vs. Marks, et al., the Supreme Court said:

"The revocatory action must, the Code declares, be brought against the debtor and creditor proposed to be favored, unless the complaining creditor has obtained judgment against the debtor.

"We find no allegation in the petition of such judgment. The petition alleges the plaintiff is a creditor on notes and accounts, as shown by the record of the court. The plaintiffs insist this is a sufficient allegation that they are judgment creditors. In view of the statement in the brief that the judgment was obtained, we would prefer, if possible, to construe the petition so as to maintain its sufficiency. We cannot however appreciate the petition as containing the requisite allegation in this respect.

"If the judgment is reversed on the ground, and there is a judgment, the plaintiffs can renew their suit, and in our opinion it will best accord with the justice of the case to remand the case with leave to amend."

We may therefore properly remand this cause, unless the second objection of defendant be well-founded.

## II.

It is true, as stated by counsel, reinforced by authority, that

attachment is a harsh remedy, and that all the forms prescribed by law must be complied with under penalty of nullity.

Though pronounced in cases of domestic and foreign attachment both, this doctrine is in substance applicable to formalities necessary to the issuance of the writ.

Where a non-resident is brought into court, through his property, the attachment is the foundation of the suit and is substituted service standing in lieu of citation in ordinary suits.

Authority is not lacking for the proposition that a petition may be amended in an attachment suit.

In Wright & Co. vs. White, 14 An. 590, it was held that where a suit on an account was commenced by attachment in this State, and for the same cause of action was at the same time carried on and prosecuted to final judgment in the court of Mississippi, the judgment obtained in Mississippi *could be substituted by way of amendment*, as the cause of action in the Louisiana Court, in place of the account, so as to *maintain the attachment*.

This was affirmed in 18 An. 634.

If amendment can be allowed in one class of cases of attachment, why not in all?

There is no difference in principle.

We shall follow the precedent in Block vs. Marks, in forming our decree.

It is therefore ordered, adjudged and decreed that judgment of the lower be avoided and reversed, that the cause be remanded with leave to amend the petition, and that plaintiffs pay costs of both courts.

June 12th, 1905.

## On Rehearing.

DUFOUR, J. We have considered the applications for rehearing and have found no reason for altering our views as to the law of the cause.

We think, however, that, to save costs, our decree should be

amended so as to read as follows, and it is so amended:·

It is ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, that the cause be remanded with leave to amend the petition, the testimony now on file to be used without the necessity of being re-offered or of re-examining the witnesses, and that plaintiffs pay costs of both courts.

June 22nd, 1905.

Writ refused by Supreme Court, August 14th, 1905.